FILED
SUPERIOR COURT
OF GUAM

2023 JUL 20 PM 4:22

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

CRIMINAL CASE NO: CF0487-20

**PEOPLE OF GUAM**

vs.

**EDWARD ACE SICAT aka KIM**
DOB 9/06/1992

**DECISION AND ORDER
RE: MOTION TO CONTINUE**

# *RUSH*

This matter came before the Honorable Dana A. Gutierrez on Attorney Michael F. Phillips and Defendant's Edward Ace Sicat's ("Sicat") Limited Entry of Appearance; Defendant's Brief Re: Sixth Amendment Right to Choice of Counsel; Motion to Continue ("Motion to Continue") filed July 12, 2023. The Motion to Continue was set for an expedited briefing schedule pursuant to the Court's July 11, 2023 Order Setting Expedited Briefing Schedule. The briefing schedule was completed on July 14, 2023. Upon review of the filings and arguments presented, the Court hereby **DENIES** Sicat's Motion to Continue.

## PROCEDURAL AND FACTUAL BACKGROUND

The matter has been before the Court since September 6, 2020.[1] From the early stages of these proceedings, Sicat and the People have informed the Court that the parties have been trying

---

[1] At the September 6, 2020 Magistrate Hearing, Sicat was present with counsel Attorney John C. Terlaje. A Substitution of Counsel was issued on December 3, 2020, relieving Attorney Terlaje as counsel and substituting Sicat as *pro se*. On December 21, 2020, the People filed an Indictment against Sicat. On December 31, 2020, an Arraignment hearing was held, and there was discussion regarding his counsel. Min. Entry (Dec. 31, 2020). On January 4, 2021, a Notice of Court Appointed Counsel was issued, appointing Public Defender Service Corporation ("Public Defender") as counsel for Sicat. On January 20, 2021, Sicat filed a Waiver of Right to a Speedy Trial. As of the date of this Order, Sicat's counsel of record is Public Defender.



ORIGINAL

to resolve the matter. At different times, both Sicat and the People have requested and agreed to reschedule the trial to accommodate these ongoing negotiations and also to accommodate other scheduling conflicts with witnesses.

On March 3, 2021, the Court set its first Criminal Trial Scheduling Order, setting the Jury Selection and Trial ("JST") date for November 5, 2021. At the August 27, 2021 Status Hearing, the Court informed the parties that the trial date had to be rescheduled due to another criminal trial moving forward on November 5, 2021. Min. Entry (Aug. 27, 2021). On September 1, 2021, the Court issued an Amended Criminal Trial Scheduling Order setting the new JST date for February 11, 2022.

At the December 16, 2021 Status Hearing, the parties informed the Court of ongoing attempts to resolve the matter but did not request any changes to the JST date. Min. Entry, at 9:14:02-9:15:14 AM (Dec. 16, 2021). On January 18, 2022, at the Pretrial Conference ("PTC"), the Court asked if the parties were prepared for the trial scheduled for February 11, 2022. Min. Entry, at 10:19:40-10:19:56 AM (Jan. 18, 2022). Sicat's counsel stated that the parties were "still negotiating" and requested "more time to try to resolve it." Min. Entry, at 10:20:21-10:20:45 AM (Jan. 18, 2022). The People stated that they were "never opposed to more time" and stated that they "think we can resolve this case if we have more time." Min. Entry, at 10:20:45-10:20:50 AM (Jan. 18, 2022). Based upon the agreement of the parties, the Court vacated the JST date in February and reset the matter for a Status Hearing.

At the March 11, 2022 Status Hearing, Sicat's counsel informed the court that one witness was in the Philippines and requested a trial date in August. Min. Entry, at 10:03:38-10:06:37 AM (March 11, 2022). The People stated that they had "no objection setting trial date after August" and requested to continue the trial date until September or October to

allow for time to continue negotiating and for the witness to return. *Id.* On April 15, 2022, the Court issued a Second Amended Criminal Trial Scheduling Order setting the JST for October 24, 2022.

At the September 30, 2022 Status Hearing, Sicat's counsel requested additional time to meet with Sicat regarding a "new offer" and the People noted that coming back for trial in "late November is fine." Min. Entry, at 11:24:51-11:27:11 AM (Sept. 30, 2022). On October 5, 2023, the Court issued its Third Amended Scheduling Order setting the JST for November 28, 2022.

At the November 1, 2022 Status Hearing, Sicat's counsel and the People requested to move the trial date to January because both parties were resolving issues with respective witnesses. Min. Entry, at 1:22:51-1:29:05 PM (Nov. 1, 2022). Based upon this request by both parties, the Court vacated the JST.

At the November 28, 2022 Status Hearing, the People requested the trial be rescheduled until "after January" due to the People having multiple trials already set in January. Min. Entry, at 9:36:17-9:37:21 AM (Nov. 28, 2022). In response, Sicat's counsel requested to reschedule the trial for February, and the People stated that "early March is preferable to the People." *Id.* Based upon the parties' request and agreement, the Court set the matter for a Status Hearing.

At the March 3, 2023 Status Hearing, the People informed the Court that Attorney Tenorio would "be taking over this matter" and the parties requested a new trial date for June. Min. Entry, at 9:20:16-9:25:06 AM (March 3, 2023). On March 17, 2023, the Court issued its Fifth Amended Criminal Trial Scheduling Order setting the trial date for June 19, 2023.[2]

---

[2] While the Fifth Amended Criminal Trial Scheduling Order referred to the fifth criminal trial scheduling order issued in this matter, it was the fourth "amended" criminal trial scheduling order issued.

At the May 5, 2023 Status Hearing, the People informed the Court that additional time was needed for the victims to return from an off-island trip and requested the JST be set for the week of July 10, 2023. Min. Entry, at 3:07:35-3:12:56 PM (May 5, 2023). Sicat agreed to the new trial date. On May 16, 2023, the Court issued its Sixth Amended Criminal Scheduling Order setting the JST for July 10, 2023.[3]

No other issues were raised regarding the trial date at either a hearing held on June 16, 2023 or at the Pre-Trial Conference on June 27, 2023.

On July 10, 2023 at 9:00 a.m., the scheduled date and time for JST, the Court was informed by Sicat's counsel Public Defender Stephen Hattori ("PD Hattori") that Sicat had retained new counsel, Attorney Phillips, and Attorney Phillips was requesting a continuance, despite Attorney Phillips not being present in court or filing an entry of appearance.[4] Based upon this information and with agreement from the People that the JST should not go forward, the Court instructed that the jurors called for selection be dismissed. The Court asked PD Hattori if he would be withdrawing from the matter, but PD Hattori stated that he had no intention to withdraw, lacking an entry of appearance, and was prepared to continue as counsel. Min. Entry (July 10, 2023).

The Court scheduled a hearing at 1:30 p.m. on July 10, 2023 to give Attorney Phillips the opportunity to appear before the Court and state his position regarding his representation of Sicat. At the Status Hearing, Attorney Phillips did not appear but PD Hattori informed the Court that Attorney Phillips would not be entering an appearance until the trial was vacated and a Further Proceedings was set for the following week. Again, the Court asked PD Hattori if he

---

[3] As stated above, the Sixth Amended Criminal Trial Scheduling Order was the sixth total scheduling order but the fifth amended.

[4] The Court's July 11, 2023 Order Setting Expedited Briefing Schedule provides additional information regarding the events that occurred on July 10 and 11, 2023.

intended to withdraw from the matter and was informed by PD Hattori that he was not and was still prepared to go forward with the trial. Min. Entry (July 10, 2023). The Court scheduled a Further Proceedings for July 11, 2023 and instructed PD Hattori to inform Attorney Phillips to appear for the Further Proceedings or that the Court would proceed with Sicat's counsel of record, PD Hattori.

On July 11, 2023, Attorney Phillips appeared before the Court for a Further Proceedings and stated that he was making a "special appearance" and requested an opportunity to file a motion for a continuance on an expedited briefing scheduling. Min. Entry (July 11, 2023). Assistant Attorney General ("AAG") Tenorio objected to Attorney Phillips' request to continue the matter until October as requested, but did not object to an expedited briefing schedule on this issue. The Court issued an Order Setting Expedited Briefing Schedule on July 11, 2023. On July 12, 2023, Attorney Phillip and Sicat filed their Motion to Continue and a Declaration of Michael F. Phillips in Support of Motion to Continue ("Declaration"). On July 13, 2023, the People filed their Brief Re Sixth Amendment Right to Choice of Counsel and Response to Defendant's Motion to Continue Trial (the "Response"), which included a victim impact statement pursuant to 8 GCA § 80.65. On July 14, 2023, Attorney Phillips filed his First Supplemental Declaration of Michael F. Phillips in Support of Motion to Continue (the "Supplemental Declaration").

Upon consideration of the arguments presented and in light of the applicable law, the Court now issues this Decision and Order.

## DISCUSSION

The issue before the Court is whether to grant Sicat a continuance and schedule a trial setting for October.

A.    **Attorney Phillips Requests the Court Continue Trial Setting until October to Accommodate His Other Pending Criminal Cases**

In the Motion to Continue, Attorney Phillips made a "limited appearance" to request a continuance of the trial and "suggest[ed] the Court set trial setting for October, 2023." Mot. to Cont., at 1 (July 12, 2023). In his Declaration, Attorney Phillips stated that after reviewing the evidence in this matter, he needed "at least" thirty (30) days to prepare for trial. Decl., at 1 (July 11, 2023). In the People's Response, the People argue that a trial setting for October, 2023 would "unduly delay the proceedings" and therefore requests that the Court deny the request for any continuance of a jury trial beyond July 24, 2023. Resp., at 6. The People highlighted that the July 24, 2023 date would essentially be a fourteen (14) day continuance from the July 10, 2023 date that the jury selection was supposed to take place, and this would be "more than reasonable" given that the trial court has a wide latitude to continue jury trials, the Defendant had three (3) years to procure a private attorney, the Defendant would still have his Sixth Amendment right to counsel of his choice, and it would give the victims "finality." *Id.*

In the Supplemental Declaration, Attorney Phillips once again requested "a reasonable amount of time for trial preparation" and suggested the Court set a trial setting for October, 2023. Supp. Decl., at 2 (July 14, 2023). Attorney Phillips further listed the cases that he is currently working on, which include *People v. Moore*, CF0313-21; *People v. Moore*, CF0314-21; *People v. Moore*, CF0469-21; *Darryl Spearman*, CF0315-23; *People v. Cruz*, CF0266-22; and *United States v. Marasigan*, CR23-00014 all scheduled for trial in August or later this year, amongst other felony and misdemeanor cases that could also go to trial, but with no specific dates provided to the Court. *Id.* at 3.

**B.** **The Court Shall Grant a Continuance for the Amount of Time That the Ends of Justice Require**

"The decision to grant or deny a requested continuance lies within the broad discretion of the [trial] court." *People v. Blas*, 2016 Guam 19 ¶ 10 (citing *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)).

Under 8 GCA § 80.50(b), "[n]o continuance shall be granted for any longer time than it is affirmatively proved the ends of justice require." 8 GCA § 80.50(b). In *People v. Blas*, with regard to determining whether to grant a continuance, the Supreme Court of Guam adopted a four-factor test set forth in the District Court of Guam case, *People of Territory of Guam v. Ulloa. Id.* at ¶ 26 (citing *People of Territory of Guam v. Ulloa*, 1998 WL 242607 at *1). The *Ulloa* factors are:

> [1] [T]he moving party's diligence in preparing for trial, [2] the likely utility of a continuance, [3] the inconvenience to the court and the opposing party, and [4] prejudice resulting from denial.

*Id.* at ¶ 26 (citing *Ulloa*, 1998 WL 242607 at *1 (citing *United States v. Pope*, 841 F.2d 954, 965 (9th Cir. 1988)).

While a court is "given wide discretion in managing its docket," the court "must balance its own interests of expeditiously clearing its docket with the defendant's right to present a complete defense." *Blas*, 2016 Guam 19 ¶¶ 39-40.

**1.** **Sicat Fails to Provide Any Evidence That He Acted With Diligence in Retaining Attorney Phillips Prior to the July 10, 2023 Jury Selection and Trial Date**

With regard to the first factor, Sicat claims that "[t]here is no evidence Defendant or anyone under his control delayed this trial." Mot. to Cont., at 9. Sicat also claims that "[t]here are no allegations Defendant or Public Defender failed to properly prepare for trial." *Id.* In the People's Response, the People claim that they "do not believe that the Defendant was diligent in

seeking to retain counsel before the July 10, 2023 jury selection date, as the Defendant had three years to procure an attorney." Resp., at 3. Further, the People argue that the Defendant's claim "'is diminished by counsel's failure to explain' why the Defendant did not try to procure private counsel for the past three years." *Id.*

Upon review of the filings, the Court finds that Sicat has failed to provide any explanation why he was unable to retain Attorney Phillips or other counsel prior to the July 10, 2023 JST date, especially when he had nearly three (3) years to obtain counsel.[5] *See U.S. v. Lustig*, 555 F.2d 737, 744 (9th Cir. 1977) (finding the trial court was within its discretion in denying a motion for continuance filed four (4) days before trial when the defendant had the necessary resources and "over a month to obtain a different attorney," but "simply did not try very hard" to find counsel); *see also Ulloa*, 1998 WL 242607 at *1 (finding the diligence factor was "significantly diminished" when counsel failed to provide any reasoning why certain evidentiary inquiries were not made earlier).

While the Court notes that Sicat was provided court-appointed counsel due to his indigent status, PD Hattori now claims that Sicat's family is assisting with retaining Attorney Phillips. Attorney Phillips has not provided any information why Sicat or his family was unable to do so earlier in the proceedings. Min. Entry (July 10, 2023). Therefore, the Court does not find that Sicat has provided any evidence supporting an argument that he was diligent in retaining counsel and concludes that this factor weighs against his request for a continuance until October.

---

[5] Moreover, Attorney Phillips only made a special appearance on July 11, 2023, one day after the scheduled JST date.

2.     **The Utility of a Continuance for Trial Setting in October Is Uncertain as the Court Has No Indication of a Future Trial Date**

Next, with regard to the second factor, it is unclear to the Court the utility to Sicat of scheduling a trial setting in October with no proposed trial date. Sicat argues that "[t]he Constitutional right to 'choice of counsel' is indisputably a meritorious benefit to Defendant Sicat." Mont. to Cont., at 9. In response, the People argue that "while it may be useful for new counsel to have time to prepare for trial, Guam statute entitles a defendant 'to at least five days to prepare for trial.'" Resp., at 3 (citing 8 GCA § 80.40).

While Sicat requests that a "trial setting" be set for October based upon Attorney Phillips' criminal trial calendar, Attorney Phillips also stated that "[m]y current criminal trial calendar includes a murder case scheduled for either August or October, a District Court case scheduled for August and two additional criminal trials scheduled to trail the murder case." Decl. at 2 (July 12, 2023). Therefore, it is unclear to the Court whether scheduling a trial setting in October would allow Attorney Phillips to appear if his murder trial might also possibly be set to begin the same month with allegedly two other cases trailing it. The uncertainty of Attorney Phillip's calendar could then potentially lead to another request for continuance. Further, Sicat does not provide any other compelling reasons, such as obtaining further discovery or witnesses, that would support the usefulness of waiting until October for a trial setting.

In fact, with regard to discovery and evidence, Attorney Phillips stated in his Declaration that he would only need "at least" thirty (30) days to prepare for trial, which would be a date in late August, not October. Decl., at 1. Therefore, it is unclear to the Court the utility of a continuance for a trial setting in October with no proposed trial date, and neither Sicat nor Attorney Phillips have provided any reasons for doing so, besides potential calendar conflicts for

9

Attorney Phillips which may also continue in October. Further, the Court finds that Attorney Phillips has expressed the ability to be prepared for trial in thirty (30) days, which from the date of this Decision & Order would be August 21, 2023.

Based upon these reasons, the Court finds that this uncertainty regarding the utility of a continuance weighs against Sicat.

3.     **A Continuance of Trial Setting Until October Would Inconvenience the Court, the People, and the Witnesses**

With regard to the third factor, Sicat acknowledges that the Court has "great discretion over the management of its trial calendar" but argues that any inconvenience to the Court must "be articulable and sufficiently outweigh the Defendant's Sixth Amendment right to the counsel of his choice." Mot. to Cont., at 10. Sicat claims that this is a "very heavy obligation" and that "[t]he Superior Court of Guam has traditionally recognized both Defendant's right to counsel of his choice and Defense counsel's need for sufficient time to adequately prepare for trial." *Id.* at 10.

On the other hand, the People claim that "any continuance beyond July 24, 2023 will greatly affect the People." Resp., at 3. The People state that "[p]ursuant to Title 8 GCA § 80.65, the People are required to file an impact statement when a motion for a continuance of a jury trial involving a sex crime perpetrated on a minor child." *Id.* The People argue that the statute requires a trial court "to expedite the trial and give precedence to the case over any other cases 'in order to minimize the stress on such child.'" *Id.* (citing 8 GCA § 80.65). The People claim that "[t]he three minor victims have lived with the anxiety of the jury trial hanging over their heads and uncertainty of the future for the last three years" and that "[t]he effect of continuing a jury trial for the amount of time requested by Attorney Phillips would be to prolong the anxiety

of the children." *Id.* at 4-5. The People further argue that they "will lose a potential crucial witness to possible federal incarceration beyond July 24, 2023." *Id.* at 5.

a.   **The Sixth Amendment Right to Choice of Counsel Is Not Absolute and Must Be Balanced with the Needs of Fairness and the Demands of the Trial Court's Calendar**

"The Sixth Amendment provides that '[i] all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). This Constitutional right provides that a defendant is entitled to "a fair opportunity to secure counsel of his own choice." *Powell v. State of Ala.*, 287 U.S. 45, 53 (1932). Generally, this right to counsel of choice means that "the accused be defended by the counsel he believes to be best." *Gonzalez-Lopez*, 548 U.S. at 146; *see Wheat v. United States*, 486 U.S. 153, 159 (1988) (finding "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than ensure that a defendant will inexorably be represented by the lawyer whom he prefers").

However, this right is not without its limits. *See Gonzalez-Lopez*, 548 U.S. at 151-152. The Supreme Court of the United States has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *Id.* (finding that there are various other limitations on this right of choice of counsel including when the defendant requires counsel to be appointed for him, when a defendant insists on representation by someone who is not a member of the bar, or demands that the court honor a waiver of conflict-free representation).

In addition, this right does not mean that a defendant is entitled to a particular lawyer with whom he can, in his view, have a meaningful attorney-client relationship but rather, a right to adequate and conflict free representation under the Sixth Amendment. *Libby*, 2021 Guam 27

¶¶ 17, 41 (holding trial courts "'do have broad latitude to deny a motion for substitution of counsel on the eve of trial when the request would require a continuance' . . . this discretion must be balanced against the defendant's Sixth Amendment right to counsel"); *see also Lustig*, 555 F.2d at 744 ("[A] court must be wary against the 'right of counsel' being used as a ploy to gain time or effect delay."); *United States ex rel. Baskerville v. Deegan*, 428 F.2d 714, 716 (2d Cir. 1970) (holding the right to counsel cannot be "manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice" and "[j]udges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay").

> **b.    The People Provided an Impact Statement with Regard to the Impact of the Delay on the Minor Victims Pursuant to 8 GCA § 80.65**

As stated above, the Defendant's Sixth Amendment right to choice of counsel must be balanced against other interests including the fair administration of justice. In cases that involve alleged sex crimes perpetrated against a minor, like this case, Guam statutory law requires that the trial be expedited if it is in the best interest of the children. 8 GCA § 80.65 states:

> In any criminal proceeding involving an alleged sex crime perpetrated upon a minor child, *or* in which a minor child is expected to testify as a witness to a sex crime, the court *shall*, in order to minimize stress on such child, take action to expedite trial and give precedence to the case over any other case; provided, however, that nothing in this Section *shall* be construed to mean that trial *shall* be expedited *if* it is *not* in the best interests of the child.

> When a motion *or* a request for a continuance is made the prosecutor *shall* file an impact statement which specifies whether the prosecution agrees to the request for continuance, whether the child *or* the child's representative agrees to such request, and the effect, *if* any, the granting of the continuance will have on the child. In ruling on any motion *or* request for continuance *or* other delay, the court *shall* consider and give weight to any possible adverse impact that a delay *or* continuance may have on the child. Prior to issuing an order on a motion for continuance *or* delay, the court *shall* make written findings of fact concerning the impact on the child of continuing *or* delaying the case.

8 GCA § 80.65.

In this matter, the People incorporated a victim impact statement in their Response as required under 8 GCA § 80.65. Similarly, because of the request for an expedited briefing and the posture of the case, the Court incorporates its findings of fact concerning the impact of the minor victims in this Decision and Order.

The Court finds that further delay due to granting the continuance of a trial setting without a trial date being set would subject the minor victims to additional anxiety and stress with regard to their pending testimony in this matter. Therefore, the Court concludes providing finality to the trial date would be in the best interest of the alleged minor victims.

However, the Court does not find that setting a trial date beyond July 24, 2023 will prevent any of the minor victims or other material witnesses from testifying. The People only claimed that a "potential" crucial witness may be sentenced to federal prison if the Court does not begin trial by July 24, 2023. In addition, the People also acknowledged that this witness still might be able to testify, but after the sentencing, the People "would be at the mercy of the federal government and be subject to coordination issues and further delay." Resp., at 5.

Due to the lack of certainty regarding the effect of the witness's sentencing, the Court does not find that it is critical the matter is set on July 24, 2023 as requested by the People. Going forward, the Court shall consider the impact any additional continuance might have on the minor children and shall give this case precedence over other matters in setting the trial date.

c.  **The Court Must Balance the Right to Choice of Counsel with Other Factors of Fairness Including Inconvenience to the Court, the People, and the Witnesses**

Upon consideration of the circumstances, the Court must balance Sicat's right to choice of counsel with the inconveniences the Court, the People, and the witnesses will face if the

matter is continued for a trial setting in October 2023.

First, despite multiple opportunities to seek counsel or file a motion for continuance prior to the JST, the Court finds that Sicat waited until the day of trial to retain new counsel. Second, since counsel was only retained on the day of trial, the People had prepared for trial, subpoenaed witnesses, and the alleged minor victims were prepared to testify. Furthermore, the Court also called potential jurors in, wasting both the jurors' time and judicial resources. Therefore, the Court notes that the timing of this Motion has inconvenienced the Court, the People, and the witnesses.

Further, with regard to granting the continuance, as stated above, the People have raised multiple issues including the ongoing stress on the minor victims and the potential loss of one witness. Pursuant to 8 GCA § 80.65, the Court finds that the matter must be expedited in light of this impact on the minor children and that this matter must take precedence over other cases. The Court also must consider the need for finality in this matter, and the Court again notes that Sicat's Motion to Continue does not propose any set trial dates but rather "suggests" a trial setting be scheduled October.

Balancing all of these interests and challenges, the Court finds that this third factor weighs against Sicat in continuing the matter for a trial setting in October.

4. **While Sicat Has a Sixth Amendment Right to Choice of Counsel, It Is Unclear Sicat Will Face Prejudice If the Court Denies a Continuance since PD Hattori Expressed His Preparedness to Go to Trial.**

Sicat does not directly address the fourth factor in his Motion to Continue but argues that denying the Motion would infringe on his Sixth Amendment right to counsel of his choice. With regard to this factor, the People highlight "any court decision to continue the trial would have to balance the impact on the victim and the administration of justice with the defendant's right to

14

counsel." Resp., at 4. The People state that they "do not dispute that the Defendant has a right to the retained counsel of his choice, Attorney Phillips. However, . . . this right to counsel of choice does not include the right to unduly delay the proceedings." *Id.* at 4-5.

### a. Sicat Continues to Be Represented by PD Hattori Who Claims He Is Ready to Proceed With Trial

The Court "must give great weight to any substantial prejudice to the rights of the moving party when exercising its discretion to grant or deny a continuance" and cannot act "arbitrarily or unreasonably without reference to any guiding rules and principles" when determining whether to grant or deny a continuance. *Blas*, 2016 Guam 19 ¶¶ 39, 51.

However, as stated above, the Sixth Amendment right to counsel is not unlimited, and the Court must balance this right against other interests including the needs of fairness and the demands of the court's calendar. *See Gonzalez-Lopez*, 548 U.S. at 151-52; *see also Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) ("[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon the expeditiousness in the face of a justifiable request for delay' violates the right to assistance of counsel").

A "defendant's right to an attorney of his choice is not so absolute as to permit disruption of the fair and orderly administration of justice when another competent attorney is available to continue the defense." *Lustig*, 555 F.2d at 744; *see United States v. Simmons*, 457 F.2d 763, 764 (9th Cir. 1972) (finding that a trial court did not err by denying a continuance requested on the day of trial for the defendant "to engage in counsel of his choosing" when the reason given "was specious and the record manifests that his appointed counsel afforded him competent and effective assistance at all stages of the matter").

Upon a review of the record, it is clear that PD Hattori has expressed his preparedness to move forward with trial and has not withdrawn as appointed counsel for Sicat. In addition, the Court notes that Attorney Phillips has not moved the Court for substitution of counsel but rather for a continued trial setting. Furthermore, Sicat has not provided any evidence or argument that PD Hattori will not provide Sicat with a competent defense or that the attorney-client relationship between PD Hattori and Sicat has broken down resulting in an inadequate defense for Sicat. *Compare Libby,* 2021 Guam 27 ¶ 18 (holding refusal to substitute new counsel when the relationship between lawyer and client completely collapses violates a defendant's Sixth Amendment right).

With regard to the requested continuance, Attorney Phillips has not given any indication to the Court an exact time frame when he will be available to proceed to trial in this matter. Instead, Attorney Phillips has suggested continuing trial setting in this case until October while also stating that he might have a murder trial in October with two other cases trailing it. The Court does not find that Attorney Phillips has provided a definitive date to move forward in this matter, which the Court notes has been pending for nearly three (3) years. The Court cannot be held hostage by the fluctuations of Attorney Phillips' trial calendar, and the Court finds that setting a firm trial date is needed in this matter.

Therefore, considering all of these factors, the Court finds that the prejudice in denying the continuance is limited and will not violate Sicat's Sixth Amendment right because Sicat will continue to have adequate and conflict-free counsel of record that is prepared to move forward. The Court finds that this factor weighs against Sicat.

## CONCLUSION

For the foregoing reasons and after consideration of the *Ulloa* factors, the Court hereby

**DENIES** Sicat's Motion to Continue and hereby **ORDERS** that the jury selection and trial date

be rescheduled to **August 21, 2023 at 9:00 a.m.** A Status Hearing shall be held on **August 4,**

**2023 at 9:00 a.m.**

**SO ORDERED:** JUL 2 0 2023

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
*AG, PDSC,*
*Phillips*
Date: 7/20/23 Time: 4:24pm
_____
Deputy Clerk, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
original hereto was placed in the
court box of
*AG, PDSC,*
*Phillips*
Date 3-20-23 Time 4:24pm
Deputy Clerk, Superior Court of Guam

17